UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JOSEPH RUDY,

      Plaintiff,

v.                                          Case No: 6:24-cv-1231-JSS-LHP

BEST ELECTRIC AIR
CONDITIONING & PLUMBING
LLC and DOES 1–100,

      Defendants.

_____/

## ORDER

Plaintiff Joseph Rudy moves to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, Case Number 482024CA001712A001OX [2024-CA-001712-O]. (Dkt. 9.) Rudy also moves for just costs and actual expenses, including attorney fees, that he incurred as a result of Defendant Best Electric Air Conditioning & Plumbing LLC's improper removal of the case to federal court. (*Id.*) Best Electric opposes the motion. (Dkt. 15.) Upon consideration, for the reasons outlined below, the court grants the motion.

## BACKGROUND

On February 27, 2024, Rudy initiated this case in the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, when he filed a complaint against Defendants for violations of 47 U.S.C. § 227 and Florida law. (Dkt. 8 at 4–27.) On March 1, 2024, Best Electric was served with the summons and

complaint through Chelsea Wang, who identified herself as "the person authorized to accept" service for Best Electric. (*See id.* at 33.) On April 16, 2024, on Rudy's motion (*id.* at 34–35), default was entered against Best Electric "for failure to serve or file any paper as required by law," (*id.* at 36). On April 26, 2024, Best Electric filed notices of appearance of counsel. (*Id.* at 42–45.)

On May 23, 2024, Best Electric submitted the affidavit of Ian Peoples, "the Chief of Staff for the Southeast region for" Best Electric's corporate affiliate, who in that capacity, "perform[ed] executive functions supporting Best Electric." (*Id.* at 46–47.) Through the affidavit, Peoples testified that he "was not served with a summons and/or a complaint personally[] but was made aware of the service of [Rudy's] [s]ummons and [c]omplaint on Best Electric on or about March 5, 2024." (*Id.* at 47.) Peoples further testified that Best Electric's failure to respond to the complaint was due to the failures of Best Electric's insurance carrier. (*Id.* at 48.) With Peoples's affidavit as support, Best Electric moved to set aside the default, (*id.* at 49–53), and the court granted the motion at a June 26, 2024 hearing (*id.* at 77).

On July 1, 2024, Rudy filed an amended complaint against Defendants again alleging violations of 47 U.S.C. § 227 and Florida law. (Dkt. 8 at 78–107.) On July 3, 2024, Best Electric removed the case to this court based on federal-question jurisdiction over the 47 U.S.C. § 227 claims and supplemental jurisdiction over the Florida-law claims. (Dkt. 1 at 2–4.) In the notice, Best Electric asserts that removal was timely because it occurred within thirty days from July 1, 2024 service of the amended complaint. (*Id.* at 4.) On July 10, 2024, Rudy moved to remand the case on

the grounds that removal was untimely and that Best Electric "waived its right to remove" the case to this court because it "affirmatively litigat[ed] the merits" of the case in the state court.  (Dkt. 9 at 9–10.)

## APPLICABLE STANDARDS

In ruling on motions to remand cases to the state courts from which the cases were removed, district courts "constru[e] removal statutes strictly and resolv[e] doubts in favor of remand." *Miedema v. Maytag Corp.*, 450 F.3d 1322, 1328 (11th Cir. 2006). When, within thirty days of the notice of removal, the plaintiff moves to remand based on the untimeliness of the removal and the district court grants the motion, the remand order is unreviewable.  *Shipley v. Helping Hands Therapy*, 996 F.3d 1157, 1160 (11th Cir. 2021); *see* 28 U.S.C. § 1447(d) ("An order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the [s]tate court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.").

The "order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28 U.S.C. § 1447(c).  "[T]he standard for awarding fees . . . turn[s] on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).  "Absent unusual circumstances, courts may award attorney[] fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.* "In applying this rule, district courts retain discretion to consider whether unusual

- 3 -

circumstances warrant a departure from the rule in a given case. For instance, a plaintiff's delay in seeking remand or failure to disclose facts necessary to determine jurisdiction may affect the decision to award attorney[] fees." *Id.*

## ANALYSIS

A defendant has thirty days to file the notice of removal of a civil action. 28 U.S.C. § 1446(b). Generally, the thirty-day clock starts running when the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which" the action is based. 28 U.S.C. § 1446(b)(1). In certain circumstances, "the service of summons upon the defendant" or the "recei[pt], through service, [of] notice of" a proceeding removable under 28 U.S.C. § 1442(a) will trigger the thirty-day period, instead. 28 U.S.C. § 1446(b)(1), (g). Where, as here, removal is based on federal-question and supplemental jurisdiction, only "if the case stated by the initial pleading is not removable" does the thirty-day clock start running when the defendant receives "a copy of an amended pleading, motion, order[,] or other paper from which" the defendant "may first . . . ascertain[]" the case's removability. 28 U.S.C. § 1446(b)(3).

Section 1442(a) does not apply to this case, and Best Electric was served with the initial complaint and summons at the same time—in early March of 2024. (Dkt. 8 at 33, 47.) Accordingly, the thirty-day clock started running at that time, unless "the case stated by the initial [complaint] [wa]s not removable." 28 U.S.C. § 1446(b)(3). Here, as Best Electric acknowledges, (Dkt. 15 at 2), the initial complaint contained generally the same claims arising under 47 U.S.C. § 227 and Florida-law as the amended complaint, (Dkt. 8 at 14–18, 93–96). Thus, the case stated by the initial

complaint was just as removable based on federal-question and supplemental jurisdiction as the case stated by the amended complaint. Best Electric had thirty days from early March of 2024 to file the notice of removal but did not file it until early July of 2024—well after the expiration of the thirty-day period. Removal was therefore untimely.

Best Electric argues that removal was timely because removal occurred within thirty days of Rudy's filing of the amended complaint, which was "the first operative pleading after the state court set aside" the default against Best Electric. (Dkt. 15 at 4.) Best Electric does not provide any legal authority to support this argument. (*See id. passim*; *see also* Dkt. 1.) In any event, the thirty-day clock only starts running from a defendant's receipt of an amended complaint when the case stated by the initial complaint is not removable. *See* 28 U.S.C. § 1446(b)(3). Here, the case stated by the initial complaint was removable.

Given the obvious untimeliness of the removal, Best Electric "lacked an objectively reasonable basis for seeking removal." *See Martin*, 546 U.S. at 141. The court declines to depart from the general rule that the plaintiff can recover the just costs and actual expenses, including attorney fees, that were incurred as a result of the improper removal. *See id.* Rudy did not "delay in seeking remand," *see Martin*, 546 U.S. at 141; he moved to remand only one week after Best Electric removed the case, (*see* Dkts. 1 & 9). Rudy also did not "fail[] to disclose facts necessary to determine jurisdiction," *see Martin*, 546 U.S. at 141, because the 47 U.S.C. § 227 claims giving rise to federal subject-matter jurisdiction appeared in the initial complaint, (Dkt. 8 at

14–18).  Thus, as a matter of fairness, Rudy is entitled to recover from Best Electric the actual amount of the expenses incurred as a result of the improper removal, subject to this court's approval.  *See Bankston v. Ill. Nat'l Ins. Co.*, 443 F. Supp. 2d 1380, 1382 (M.D. Fla. 2006) (granting "the plaintiff's request for attorney fees and costs incurred as a result of untimely removal").

## CONCLUSION

Accordingly:

1. Rudy's motion (Dkt. 9) is **GRANTED**.

2. The Clerk of the Court is **DIRECTED** to remand this case to the Circuit Court of the Ninth Judicial Circuit in and for Orange County, Florida, Civil Division, Case Number 482024CA001712A001OX [2024-CA-001712-O]; to forward a certified copy of this order to that court; to terminate any pending motions and deadlines; and to administratively close the case file.

3. This court retains jurisdiction solely for the purpose of determining the amount of costs and fees awarded to Rudy under 28 U.S.C. § 1447(c).

4. On or before August 12, 2024, Rudy shall submit to this court a bill of costs and attorney fees indicating the actual expenses and attorney fees that he incurred with respect to resisting the improper removal of this action.  On or before August 19, 2024, Best Electric shall respond to the bill of costs and attorney fees.

**ORDERED** in Orlando, Florida, on August 2, 2024.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record